**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL STELLATO AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WENDY STELLATO, <br> c/o Paul Knopf Bigger <br> 840 South Denning Drive, Suite 200 <br> Winter Park, FL 32789 <br><br>       Plaintiff, <br><br>   v. <br><br> MEDTRONIC MINIMED, INC.; MINIMED DISTRIBUTION CORP.; UNOMEDICAL DEVICES SA de CV; and UNOMEDICAL A/S, <br> c/o Maslon LLP <br> 3300 Wells Fargo Center <br> 90 South Seventh Street <br> Minneapolis, MN 55402-4140 <br><br>       Defendants. | Case No.: _____ <br><br> Related Case No. (M.D. Fla.): <br> 6:19-cv-02180-RBD-DCI <br><br> Related Case No. (D.D.C.): <br> 1:20-mc-00051 <br><br> Case: 1:20–mc–00058 <br> Assigned To : Jackson, Ketanji Brown <br> Assign. Date : 7/20/2020 <br> Description: Misc. |

**DEFENDANTS MEDTRONIC MINIMED, INC. AND MINIMED DISTRIBUTION CORP.'S MOTION TO QUASH SUBPOENA AND/OR FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 45, Defendants Medtronic MiniMed, Inc. and MiniMed Distribution Corp. (collectively, "Medtronic") respectfully submit this motion to quash Plaintiff Michael Stellato's subpoena to Ashcraft & Gerel, LLP, and/or for protective order, stating in support as follows:

1. Plaintiff filed the *Stellato* action against Medtronic and other defendants in the United States District Court for the Middle District of Florida, Orlando Division.

2. On July 7, 2020, Plaintiff served a subpoena on the law firm of Ashcraft & Gerel, LLP seeking documents and things from the *Kubicki et al. v. Medtronic, Inc. et al.*,



RECEIVED

JUL 20 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Case No.: 1:12-CV-00734-KBJ (D.D.C.) matter (the "*Kubicki* matter") (**EXHIBIT 1**). Ashcraft & Gerel were counsel for plaintiffs in the *Kubicki* matter, litigation involving Medtronic that has since been dismissed with prejudice by stipulation of the parties in 2019.

3.      The parties in the *Kubicki* matter stipulated to, and this Court entered, a Protective Order governing the production, use, and retention of confidential materials exchanged in the *Kubicki* matter. (**EXHIBIT 2**.) Among other provisions, the *Kubicki* Protective Order states that the materials and contents of materials designated "Confidential" are to be used for purposes of the *Kubicki* matter only and shall not be disclosed to any person or entity, with limited exceptions not relevant here.

4.      As set forth in Medtronic's Memorandum of Law accompanying this motion, by seeking Medtronic's documents and information in the first instance from a non-party rather than from Medtronic itself, the *Stellato* subpoena improperly seeks to circumvent the requirements and protections of Federal Rule of Civil Procedure 34 and expand the limits of permissible discovery by "cloning" discovery from a prior litigation involving Medtronic.

5.      Moreover, to the extent the documents and information requested in the *Stellato* subpoena still exist, they are prohibited from disclosure by the ongoing *Kubicki* Protective Order. Accordingly, the *Stellato* subpoena should be quashed because it "requires disclosure of . . . protected matter" covered by the *Kubicki* Protective Order. Fed. R. Civ. P. 45(d)(3)(A)(iii).

6.      The *Stellato* subpoena also seeks irrelevant documents and information from a case that, among other differences, involved a different insulin pump, different product literature, a different Medtronic customer with a unique medical history, entirely different circumstances that occurred approximately ten years apart, different health care professionals and fact witnesses, and the laws of a different jurisdiction.

For these reasons, and the additional reasons set forth in Medtronic's Memorandum of Law, Medtronic respectfully requests the Court grant its motion to quash the *Stellato* subpoena and/or enter a protective order prohibiting the disclosure by Ashcraft & Gerel of the documents and information sought therein.

Dated: July 20, 2020                    Respectfully submitted,


                                        */s/ Joseph Petrosinelli*
                                        Joseph G. Petrosinelli (D.C. Bar No. 434280)
                                        WILLIAMS & CONNOLLY LLP
                                        725 Twelfth Street, N.W.
                                        Washington, D.C. 20005
                                        Telephone: (202) 434-5547
                                        Facsimile: (202) 434-5029
                                        jpetrosinelli@wc.com

                                        *-and-*

                                        Nicole E. Narotzky (*pro hac vice to be filed*)
                                        MASLON LLP
                                        3300 Wells Fargo Center
                                        90 South Seventh Street
                                        Minneapolis, MN 55402-4140
                                        Telephone: (612) 672-8200
                                        Facsimile: (612) 642-8373
                                        nicole.narotzky@maslon.com


                                        **ATTORNEYS FOR DEFENDANTS
                                        MEDTRONIC MINIMED, INC. AND
                                        MINIMED DISTRIBUTION CORP.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of July, 2020, in compliance with the COVID-19 Clerk's Office Operations Information, a copy of the foregoing was filed by sending the same via electronic mail to the Court's new case intake email at DCDml_intake@dcd.uscourts.gov.  Furthermore, I certify that I sent a copy of the attached via electronic mail and first-class mail to counsel of record.

*/s/ Joseph Petrosinelli*
JOSEPH G. PETROSINELLI